UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW HAMPSHIRE


Raymond Cole

    v.                              Civil No. 11-cv-389-SM

United States of America


    Re: Document No. 1, Motion to Vacate Sentence under U.S.C. 2255

    Although styled as a motion for relief pursuant to 28 U.S.C. Section 2255, the petitioner seeks relief that is unavailable under that statutory provision.  Petitioner seeks relief in the form of credit against his sentence for time spent in pretrial confinement.  See 18 U.S.C. Section 3585(b)(2).

    "[I]t is well-established that a request for credit for prior custody under [Section 3585(b)(2)] must be made, in the first instance, to the Attorney General through the Bureau of Prisons upon imprisonment after sentencing.  See United States v. Wilson, 503 U.S. 329, 334, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) ('[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing.').  Once administrative remedies are exhausted, see 28 C.F.R. Sections 542.10 - 542.16, prisoners may then seek judicial review of any

jail-time credit determination, see Wilson, 503 U.S. at 335, 112 S.Ct. 1351, by filing a habeas petition under 28 U.S.C. ss 2241." Rogers v. United States, 180 F.3d 349, 358 (1st cir. 1999). Petitioner has not suggested that he exhausted his available administrative remedies, and even if he has exhausted, the appropriate vehicle for the relief he seeks is not a Section 2255 petition in this court, but a Section 2241 habeas petition filed in the district court in the district in which he is incarcerated.

The current motion is treated as a habeas corpus petition brought under 28 U.S.C. Section 2241, which is dismissed without prejudice as both premature and filed in the wrong district.

So Ordered.

_____
United States District Court
Chief Judge Steven McAuliffe

October 13, 2011


cc: Raymond Cole, Pro Se
    Donald Feith, AUSA